UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| JACK THACKER et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BANK OF AMERICA CORP. et al., ) <br> ) <br> Defendants. ) | 3:11-cv-00113-RCJ-WGC <br><br> **ORDER** |

      Plaintiffs sued Defendants in state court based on the foreclosure of their mortgage. Defendants removed. The parties settled before the Magistrate Judge on June 10, 2014. A stipulation and order for dismissal was due on July 10, 2014. When the Court noted on November 6, 2014 that the stipulation and order was nearly four months delinquent, it ordered a status conference for November 19, 2014. At the status conference, the parties agreed there was a settlement, but counsel for Plaintiffs indicated that Plaintiffs had refused to send a $57,000 lump-sum payment to the new non-party loan servicer, Carrington, as contemplated by the settlement agreement, because, according to Plaintiffs, Carrington had indicated in communications to Plaintiffs that it did not recognize the loan modification agreed to. The Court indicated that it would dismiss with prejudice if no motion to enforce the settlement agreement was filed within ten days of the hearing, i.e., by November 29, 2014. Plaintiffs did not timely

comply, although they filed a motion on December 5 to set aside or enforce the agreement. Defendants filed a countermotion to enforce the agreement or dismiss with prejudice.

The settlement agreement—the Court is reciting Defendants' claims here, as there appears to be no copy of the settlement agreement in the record—indicated that Bank of America ("BOA") was to implement the modification after receiving a $57,000 lump-sum payment from Plaintiffs to BOA, the funds for which had been partially provided by BOA under the settlement agreement itself ($10,000 for attorney's fees and $26,000 for part of the lump-sum payment). Defendants claim that they contacted Carrington, and that Carrington indicated it would implement the modification under the settlement agreement once Plaintiffs made the lump-sum payment under the settlement agreement. Defendants claim they communicated this to Plaintiffs, and those were the same terms to which BOA was bound. In other words, Carrington recognized, as the Court noted at the status conference, that it was bound under the settlement agreement, and it intended to proceed under the same terms as BOA would have had to proceed: Plaintiffs would make the $57,000 lump-sum payment, and then Carrington would implement the modification.

The Court finds Plaintiffs' refusal to make the lump-sum payment unreasonable. Plaintiffs had a reasonable basis to fear that Carrington would not honor the settlement agreement based on the communications they had received from Carrington. But if Plaintiffs truly believed Carrington intended to defy the settlement agreement, i.e., that it would have accepted the lump-sum payment but then proceeded to demand payments under the original loan as opposed to the loan as modified under the settlement agreement, Plaintiffs should simply have joined Carrington as a Defendant as a substitute party for BAC Home Loans Servicing, LP under

Rule 25(c). But they didn't. Rather, they refused to comply with the settlement agreement based on a fear that Carrington may not itself comply later.

In the interests of justice, the Court will give Plaintiffs a final chance to avoid dismissal after any potential fears of Carrington's intransigence have been dealt with. If Plaintiffs do not within seven (7) days of the entry of this order into the electronic docket file a motion under Rule 25(c) to join Carrington as a substitute party for BAC Home Loans Servicing, LP and ask the Magistrate Judge to enforce the settlement (by requiring Carrington to sign it), the Court will dismiss with prejudice. The Court also recommends that Plaintiffs' counsel better familiarize himself with the Federal Rules of Civil Procedure. This could all likely have been avoided had counsel asked the Magistrate Judge to continue the settlement conference so that he could file a Rule 25(c) motion and obtain Carrington's participation at the conference when it became apparent that Carrington had succeeded to the previous servicer's interest.

///

///

///

///

///

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motions (ECF Nos. 23, 24) are DENIED.

IT IS FURTHER ORDERED that Plaintiffs shall, within seven (7) days of the entry of this order into the electronic docket, file and serve a motion under Rule 25(c) to join Carrington as a substitute party for BAC Home Loans Servicing, LP.  No later than seven (7) days after the entry of an order into the electronic docket granting the motion, Plaintiffs shall ask the Magistrate Judge to enforce the settlement (by requiring Carrington to sign it).  No later than seven (7) days after the entry into the electronic docket of a notice (by any party) that Carrington has signed the settlement agreement, Plaintiffs shall make the required lump-sum payment and file a notice that they have done so.  No later than seven (7) days after the entry into the electronic docket of Plaintiffs' notice, the parties shall submit a joint stipulation and order of dismissal with prejudice.  That stipulation and order shall include a provision providing for the Court's continuing and exclusive jurisdiction to enforce the settlement agreement.

IT IS SO ORDERED.

Dated this 8th day of January, 2015.

_____
ROBERT C. JONES
United States District Judge